IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARY A. EATON, (2) LAKESHA S. MARTIN, (3) LYNNETTE D. GARRETT, and (4) CONNIE M. PAYNE,<br><br>Plaintiffs,<br>v.<br><br>(1) NORTH WINDS LIVING CENTER, INC<br>a domestic for profit business corporation,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br>ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

COME NOW Plaintiffs, Mary A. Eaton, LaKesha S. Martin, Lynnette D. Garrett and Connie M. Payne, ("Plaintiffs"), through undersigned counsel, and hereby submit the following Complaint against North Winds Living Center, Inc. ("Defendant"), and state and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the laws of the State of Oklahoma.

2. The acts and/or omissions giving rise to this lawsuit occurred in Oklahoma County, State of Oklahoma.

3. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to 28 U.S.C. § 1331, and this action properly lies in the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this

judicial district. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy at issue herein.

## PARTIES

4. Each Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and each Plaintiff is a female.

5. Each Plaintiff is an employee as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

6. Defendant is a for profit business corporation domesticated in the State of Oklahoma, conducting business within the Western District of Oklahoma.

7. Defendant is an employer as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

8. In conformance with Title VII statutory prerequisites, each Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC has now issued a Right to Sue letter for each Plaintiff, which was received on or about November 1, 2013. Accordingly, the filing of this action is timely made.

## OPERATIVE FACTS

9. Mary Eaton was hired by Defendant on or about September 2010 as a CNA. During her employment, Eaton was subjected to repeated physical and verbal sexual

harassment by a co-worker, Tom Patillo, LPN.

10. LaKesha Martin was hired by Defendant on or about March 2012 as a CNA. During her employment, Martin was subjected to sexual harassment by Patillo.

11. Lynnette Garrett was hired by Defendant on or about March 2012 as a CNA.

12. Connie Payne was hired by Defendant on or about April 2012 as an LPN.

13. Starting from June 19th, 2012, Garrett was subjected to repeated sexual harassment both physical and verbal by Patillo.

14. Garrett repeatedly rejected Patillo's advances but he persisted. In one witnessed incident, Patillo slipped an ink pen down the backside of Garrett's pants.

15. Garrett and co-worker Andrew Wiggle notified supervisor Shannon Frye after this event and on other occasions of harassment. Frey assured Garrett that she would "take care of it" yet nothing was ever done. Frye, despite being informed that others besides Garrett were being harassed, never investigated the complaints or spoke with the other witnesses at that time.

16. Garrett continued to reject Patillo's severe and egregious sexually harassing behavior, but Defendant allowed him to continue unabated.

17. On another occasion, Patillo touched Martin's lower butt cheek and asked her if she was wearing any panties yet.

18. On or about July 23, 2012, Patillo physically sexually harassed Eaton by coming up from behind Eaton and grabbing her breasts. He told her she had "soft firm boobs."

19. Eaton then reported to Frye that Patillo had touched her and several other female

workers. Frye called Eaton and Martin into the office and asked what Patillo had done. Martin reported what had happened to her. Frye stated that she would speak with Patillo.

20. Patillo was permitted to continue to sexually harass other females, while the sexually harassed females were required to continue working with Patillo.

21. Patillo continued to harass Martin in more subtle ways. Patillo would position himself in the narrow med room so that Martin was forced to squeeze past him, and he would then touch her rear end with his crotch or hands.

22. In the month of August 2012 on two back to back days, Payne was repeatedly physically and verbally sexually harassed by Tom Patillo, LPN.

23. On one such occasion, Patillo and his wife came to North Winds on his day off and spoke provocatively to Payne, while attempting to run his hands up and down her leg. Payne pushed his hand off and told him to stop.

24. Martin notified the charge nurse witness what was happening and had her witness the behavior. Martin heard the charge nurse on the phone with Judy Crane, Administrator. The charge nurse told Martin to write a statement. Martin told the charge nurse that she was afraid of retaliation and that nothing would be done about it.

25. Payne also provided a written statement of the incidents as requested. Despite the severe discomfort to Payne, Patillo was permitted to continue to work alongside Payne. For several days, Defendant did not tell Payne anything regarding the

investigation or outcome. Defendant eventually told Payne that Patillo was reprimanded, but that he would be permitted to continue to work at the facility alongside the harassed women. Payne was also told that she was the fourth woman to be sexually harassed by Patillo over a two month period.

26. Martin reported the sexual harassment to Defendant on or about August 2012. Martin was terminated by Defendant on or about August 15, 2012, in retaliation for her reporting the harassment.

27. Eaton, Garrett and Payne were all constructively discharged by Defendant in retaliation for reporting sexual harassment incidents involving Tom Patillo, LPN, on themselves and others.

28. Upon information and belief, Patillo was later transferred by Defendant to another nursing home associated with Defendant, rather than terminated.

29. As a direct result of the extreme and outrageous treatment to which each Plaintiff was subjected by Defendant, each Plaintiff has suffered physical and emotional symptoms that continue through the present.

### FIRST CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

30. Each Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

31. By and through, but not limited to, the events described above, each Plaintiff's terms and conditions of employment were adversely affected, and a hostile work

environment was created, due to the on-going sexual harassment directed towards her.

32. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq.*

33. As a direct and proximate result of said actions by Defendant, each Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

34. Defendant's actions were wilful and done with reckless indifference to each Plaintiff's rights, thus warranting the award of punitive damages to her.

35. Each Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, each Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of each Plaintiff's rights; for an award to each Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000) each; costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief

this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT)

36. Each Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

37. That each Plaintiff is a member of a protected class, to wit: female.

38. That Oklahoma law prohibits sex discrimination, harassment and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting sex discrimination, harassment and retaliation.

39. That each Plaintiff was discriminated against and harassed due to her sex and retaliated against during her employment as prohibited by the OADA.

40. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiffs of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

41. That the conduct complained of constitutes illegal sex discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

**WHEREFORE**, each Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of each Plaintiff's rights; for an award to each Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred

Thousand Dollars($100,000.000) each; costs and expenses, as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

42. Each Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

43. That as a direct and proximate result of reporting the sexual harassment she was being subjected to by Defendant's agents and/or employees, each Plaintiff was retaliated against by Defendant.

44. By and through, but not limited to, the events described above, each Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed towards each Plaintiff.

45. As a direct and proximate result of said actions by Defendant, each Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

46. Defendant's actions were wilful and done with reckless indifference to each Plaintiff's rights, thus warranting the award of punitive damages to each Plaintiff.

47. Each Plaintiff has been injured by the retaliation she was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title

VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, each Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of each Plaintiff's rights; for an award to each Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000) each; costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

48. Each Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

49. That Defendant knew or should have known that Defendant's agents and employees had a propensity for sexually harassing employees, as demonstrated by previous complaints made against that employee by Plaintiffs, and others, and the observations of its management and/or supervisory employees.

50. That at the time Defendant's agent and employee was sexually harassing each Plaintiff, Defendant had reason to believe that these employees would create an undue risk of harm to others.

51. That Defendant failed to act upon this belief.

52. That each Plaintiff was injured because of Defendant's failure to act.

53. That each Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, each Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of each Plaintiffs' rights; for an award to each Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000) each; costs and expenses as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(405) 275-5242
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff